# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM MCDOWELL HEALTH, INC.,<br><br>Defendant. | Case No.<br><br><br>Complaint and Jury Trial Demand<br><br><br>Electronically Filed |

## Nature of the Action

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party, Shannon Long. As alleged with greater particularity in paragraphs 17 through 57 below, the Equal Employment Opportunity Commission alleges that Defendant Ephraim McDowell Health violated Title VII by rejecting Long's application for promotion to the Administrator position at its Fort Logan Hospital because of her sex, female, and then retaliating against her because she filed with the Commission a charge of discrimination because of sex.

## Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

## Parties

4.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5.     At all relevant times, Defendant, Ephraim McDowell Health, Inc. ("EMH"), has continuously been doing business in the Commonwealth of Kentucky and the city of Danville and has continuously had at least 15 employees.

6.     At all relevant times, Defendant EMH has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## Administrative Procedures

7.     More than 30 days prior to the institution of this lawsuit, Shannon Long ("Long") filed Charge Number 474-2022-00265 with the Commission alleging violations of Title VII by Defendant EMH.

8.     On September 1, 2022, the Commission issued to Defendant EMH a Letter of Determination for Charge Number 474-2022-00265 finding

reasonable cause to believe that Defendant EMH violated Title VII and inviting Defendant EMH to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and find appropriate relief.

9. More than 30 days prior to the institution of this suit, and after the Commission issued its September 1, 2022, Determination, Long filed a second charge of discrimination with the Commission, Charge Number 474-2023-00326, alleging additional violations of Title VII by Defendant EMH.

10. On or about November 8, 2023, the Commission issued to Defendant EMH a Letter of Determination for Charge Number 474-2023-00326 finding reasonable cause to believe that Defendant EMH violated Title VII and inviting Defendant EMH to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and find appropriate relief.

11. The Commission engaged in communications with Defendant EMH to provide Defendant EMH the opportunity to remedy the discriminatory practices described in each Letter of Determination. After pausing conciliation communications regarding Long's first charge to allow for the investigation of Long's second charge, the Commission proposed a resolution of both charges on or about November 21, 2023.

12. The Commission was unable to secure from Defendant EMH a conciliation agreement acceptable to the Commission.

13. On or about December 26, 2023, the Commission issued to Defendant EMH a notice of failure of conciliation for both of Long's charges.

14. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## Statement of Claims

15. Beginning in or about September 2021 and continuing through December 2022, Defendant EMH engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by denying Long a promotion to the Administrator position at its Fort Logan Hospital because of her sex, female, and retaliating against her after she filed a charge with the Commission.

16. At all relevant times Defendant EMH has operated Fort Logan Hospital.

### Count One: Disparate Treatment Based on Sex

17. Long began working for EMH in 2001 as an obstetrics nurse at Fort Logan Hospital and remained employed by EMH until her termination on or about December 15, 2022.

18. Since in or around 2008 until in or around October 2021, Long had served as director of Fort Logan Hospital's obstetrics department reporting to the Fort Logan Hospital Administrator.

19. At all relevant times the Administrator position was the highest facility-level position at Fort Logan Hospital.

4

20. At all relevant times the Administrator position reported directly to Defendant EMH's Chief Executive Officer.

21. On and before September 2, 2021, the Administrator position included as a minimum qualification a Master's degree. Unless the Bachelor's degree was in nursing, the Master's degree was required to be in nursing. If the Bachelor's degree was in nursing, the Master's degree was required to be in another field.

22. On and before September 2, 2021, Ina Glass served as Administrator and Chief Nursing Officer at Fort Logan Hospital.

23. On or about September 2, 2021, Glass sent an email to colleagues stating her intent to retire.

24. Long emailed Defendant EMH's CEO in September 2021 to let him know Long was interested in the Administrator position.

25. Defendant EMH's CEO was responsible for selecting a new Administrator.

26. At all relevant times Long was qualified for the Administrator position.

27. In or around 2019, Long's manager, the departing Administrator, had identified Long to Defendant EMH as a successor for the Administrator position.

28. By the time Glass announced her retirement, Long had earned two master's degrees and a doctorate in nursing.

29. Long's education achievements satisfied the existing Administrator position's post-graduate-education requirement.

30. In 2016 Long received an employee-performance evaluation that identified her as a fantastic leader.

31. In 2017 Long received an employee-performance evaluation that reported she did a wonderful job managing her unit.

32. In her 2018 employee-performance evaluation Long earned the highest rating possible in nine out of ten components and the second-highest rating possible in the tenth component.

33. In her 2019 employee-performance evaluation Long earned the highest rating possible in seven out of ten components and the second-highest rating possible in an additional two components.

34. In her 2020 employee-performance evaluation Long earned the highest rating possible in eight out of nine components.

35. Long met with Defendant EMH's CEO in October 2021 to discuss Long's interest in the Administrator position.

36. During the meeting Defendant EMH's CEO told Long he would not select her for the Administrator position because of her sex, based on his belief that men do better with men and that it was best to have a man in the Administrator position.

37. In or around October 2021, Defendant EMH's decisionmaker selected Jason Dean ("Dean"), sex: male, for the Administrator position.

38. Upon selection Dean did not hold a Master's degree.

39. Defendant EMH lowered the existing education requirements for the Administrator position so that Dean could meet them.

40. Dean's and Long's employee-performance evaluations were comparable in the years preceding the Administrator selection.

41. After rejecting Long for the Administrator position, Defendant EMH appointed her to the Chief Nursing Officer position at Fort Logan Hospital.

42. The Chief Nursing Officer position paid less than the Administrator position.

43. The Chief Nursing Officer position reported to the Administrator.

44. Defendant EMH's CEO rejected Long for the Administrator position because of her sex, female.

45. The effect of the practices complained of in paragraphs 17 through 44 has been to deprive Long of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

**Count Two: Retaliation**

46. After her meeting with Defendant EMH's CEO and Defendant EMH's selection of Dean for the Administrator position, Long filed a charge of discrimination with the Commission alleging Defendant EMH's failure to select her for the Administrator position was because of her sex.

47. After Long filed her charge of discrimination, Defendant EMH engaged in a series of adverse employment actions against her that would deter a reasonable person from filing a charge of discrimination with the Commission.

48. After Long filed her charge of discrimination, the Administrator refused to meet with Long outside the presence of a third party, which deterred a frank exchange of ideas.

49. After Long filed her charge of discrimination, Defendant EMH excluded Long from management and other decision-making meetings, although the meetings concerned issues within her areas of responsibility.

50. On or about October 11, 2022, Long notified Defendant EMH that she felt a great deal of conflict toward her from leadership, committees, and board as a result of filing her charge of discrimination.

51. On or about December 15, 2022, Defendant EMH terminated Long's employment.

52. At the time Defendant EMH terminated Long's employment, Defendant EMH told Long her termination was based on an investigation commissioned to evaluate claims about her management of Defendant EMH's struggling Home Health Department and a comment that Long made during a roundtable discussion of a response to a hypothetical-active shooter.

53. These reasons are pretextual.

54. The investigation was biased because it interviewed only the three complaining employees and not any of the other employees Long identified to provide context.

55. The three complaining employees did not understand that Long was merely implementing changes directed by Dean and Defendant EMH's Chief Financial Officer.

56. In basing its decision about Long's management on the three complaining employees, Defendant EMH ignored the positive feedback it received from employees about Long's performance throughout the summer and autumn of 2022.

57. In basing its decision to terminate Long in part on Long's comment during the active-shooter roundtable, Defendant EMH departed from its progressive-discipline process.

58. The effect of the practices complained of in paragraphs 46 through 57 has been to deprive Long of equal employment opportunities and otherwise adversely affect her status as an employee because she filed a charge of discrimination with the Commission.

59. The unlawful employment practices complained of in paragraphs 17 through 57 above were intentional.

60. The unlawful employment practices complained of in paragraphs 17 through 57 above were done with malice or with reckless indifference to Long's federally protected rights.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant EMH, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to promote employees because of their sex, female.

B.  Grant a permanent injunction enjoining Defendant EMH, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who participate in the equal employment opportunity process.

C.  Order Defendant EMH to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant EMH to make whole Shannon Long by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary eradicate the effects of its unlawful employment practices, including front pay.

E.  Order Defendant EMH to make whole Shannon Long by providing compensation for past and future pecuniary losses resulting from the employment practices complained of in paragraphs 17 through 57 above, in amounts to be determined at trial.

F.  Order Defendant EMH to make whole Shannon Long by providing compensation for past and future nonpecuniary losses resulting from the employment practices complained of in paragraphs 17 through 57 above, in amounts to be determined at trial.

G.  Order Defendant EMH to pay Shannon Long punitive damages for its malicious and reckless conduct, as described in paragraphs 17 through 57 above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

        KARLA GILBRIDE
        General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        KENNETH L. BIRD
        Regional Attorney

        NANCY D. EDMONDS
        Assistant Regional Attorney

        s/ Jonathan P. Bryant
        Jonathan P. Bryant, IN 24112-49
        Trial Attorney
        Indianapolis District Office
        115 West Washington Street
        South Tower Suite 600
        Indianapolis, Indiana 46204
        Direct Dial: 463-999-1154
        Email: jonathan.bryant@eeoc.gov

        s/ Brandon A. Skates
        Brandon A. Skates, IN 30433-49
        Trial Attorney
        Indianapolis District Office
        115 West Washington Street
        South Tower Suite 600
        Indianapolis, Indiana 46204
        Direct Dial: 463-999-1138
        Email: brandon.skates@eeoc.gov

Dated: March 27, 2024