UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>EPHRAIM MCDOWELL HEALTH, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 5:24-cv-84-KKC<br><br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's Motion for Leave to Amend Complaint (DE 17) and Defendant Ephraim McDowell Health, Inc.'s Motion for Stay of Proceedings. (DE 20.) These motions have been fully briefed and are ready for the Court's review.

**I.**

The above-captioned action is an employment discrimination lawsuit, in which the Equal Employment Opportunity Commission (the "Commission") alleges that Ephraim McDowell Health, Inc. ("EMH") engaged in unlawful employment practices by denying Shannon Long a promotion to an Administrator position at its Fort Logan Hospital. The Commission alleges that this denial was made on the basis of Long's sex—being female. It further alleges that EMH retaliated against Long after she filed a charge of discrimination with the Commission.

Now, the Commission moves for leave to amend its complaint in order to add Ephraim McDowell Regional Medical Center, Inc. ("RMC") and EMHFL, Inc. ("HFL")

1

as defendants in this matter. It argues that this amendment is necessary "because [EMH] has pleaded it was not Long's employer." (DE 17 at 1.) In its amended complaint, the Commission would allege EMH, RMC, and HFL operated "a comprehensive, integrated healthcare delivery system as a single employer." (*Id.* at 1-2.) It asserts that this amendment would ensure the necessary entities "are within the Court's jurisdiction" and that each entity has had prior notice of these proceedings. (*Id.* at 2.)

EMH, however, opposes the Commission's motion for leave to amend its complaint. It argues that the inclusion these two new parties would strike against "the letter or spirit of Title VII's statutory prerequisites." (DE 19 at 2.) EMH raises multiple arguments against the proposed amendment, including: (1) RMC and HFL were never named as respondents in the underlying administrative proceedings; (2) the Commission never provided notice to RMC or HFL about its intention to expand the scope of its enforcement proceeding; and (3) the Commission abandoned its duty to act as a neutral and unbiased investigator during the underlying administrative proceedings. (*Id.* at 2.) EMH ultimately asserts that the Commission is trying to "shortcut Congress' administrative safeguards set forth in Title VII." (*Id.* at 3.) The Court will discuss each of EMH's arguments in turn.

## II.

"The court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The parties agree that the Supreme Court articulated the applicable standard in *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought [to amend the complaint] should, as the rules require, be freely given." *Id.* (quotation marks omitted).

As its arguments pertain to the *Foman* factors, EMH primarily focuses on: (1) whether the amendment is futile because RMC and HFL did not receive notice of the underlying proceedings; and (2) whether the amendment is futile because there is no identity of interest between RMC, HFL, and EMH. The Court will discuss each of EMH's arguments under this structure.

### A.

First, EMH asserts that the amendment should not be permitted because RMC and HFL were not provided notice "that the [Commission] intended to expand the scope of its enforcement proceeding beyond the single entity[.]" (DE 19 at 18.) Yet the Commission is correct in pointing out that the sole district court case EMH relies on, *EEOC v. Cintas Corp.*, 2010 U.S. Dist. LEXIS 99050 (E.D. Mich. Sept. 20, 2010), was reversed by the Sixth Circuit on multiple grounds. Further, the Court is persuaded that EMH's notice argument is redundant as it will analyze notice under the identity-of-interest test. After all, if the Court does find that EMH, RMC, and HFL shared an identity of interest, notice to EMH would suffice as notice to all three entities. Accordingly, the Court will turn to the identity-of-interest analysis.

### B.

EMH also argues that the amendment should not be allowed because: (1) the interests of justice do not favor the application of the identity-of-interest exception to

3

these facts; and (2) generally, there is no shared identity of interest between EMH, RMC, and HFL.

A party must be named in the underlying EEOC charge before that party may be sued under Title VII "unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge . . . ." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)). The parties agree that the Sixth Circuit applies two different tests to help determine whether the identity-of-interest exception is applicable. The first finds an identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). The second considers the following factors: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). Both tests support the application of the identity-of-interest exception.

Yet, turning to EMH's first argument, EMH argues that the identity-of-interest exception should not apply because the Commission is not "an untrained layperson" and could not have been "ignorant of the statutory prerequisites" to filing a Title VII action. (DE 19.) Yet such a conclusion would ignore case law in which federal courts have consistently applied the identity-of-interest exception to actions brought by the Commission. *See generally EEOC v. Supreme Staffing LLC*, No. 2:22-cv-02668-SHL-tmp, 2023 U.S. Dist. LEXIS 139315 (W.D. Tenn. Aug. 10, 2023); *EEOC v. Care Ctrs. Mgmt. Consulting*, 942 F. Supp. 2d 771 (E.D. Tenn. April 29, 2013); *EEOC v. Falls Vill. Ret. Cmty., Ltd.*, No. 5:05 CV 1973, 2007 U.S. Dist. LEXIS 16094 (N.D. Ohio March 7, 2007); *EEOC v. Jeff Wyler Eastgate, Inc.*, No. 1:03cv662, 2006 U.S. Dist. LEXIS 72344 (S.D. Ohio Jan. 9, 2006). Accordingly, it is appropriate to analyze whether the identity-of-interest exception applies to the instant case.

Under the *Eggleston* test, it is clear that there is an adequate identity of interest between EMH, RMC, and HFL. The record shows that Tammy Meade Ensslin—who served as all three entities' registered agent, general counsel, and chief legal officer—was informed of Long's first charge and conciliation-related correspondence. Other courts have found that the *Eggleston* test is satisfied when there is an overlap in ownership and business addresses. *See Supreme Staffing LLC*, 2023 U.S. Dist. LEXIS 139315, at *16-17; *Jeff Wyler Eastgate, Inc.*, 2006 U.S. Dist. LEXIS 72344, at *14-15. Because notice was provided to Ensslin, the registered agent, general counsel, and chief legal officer of all three entities, it would be difficult to argue that the unnamed entities were not put on notice of the EEOC charges. Further, all three entities had their principal office as 217

South Third Street, Danville, Kentucky 40422 from at least 2019 through 2023. Accordingly, the *Eggleston* test is satisfied.

While not as decisive, the *Glus* test ultimately recognizes an identity of interest between EMH, RMC, and HFL. The Court will address each factor in turn.

**First**, it is arguable that Long could have determined RMC and HFL's role through reasonable effort when she first filed her charges with the Commission. The Court would note that the Commission's analysis of this factor is lacking. Accordingly, this factor tends to support EMH.

**Second**, it is clear that the interests of the three entities are substantially similar—enough that it would have been unnecessary to include RMC and HFL in the Commission's proceedings. In its response, EMH hardly disputes the overlapping interests and instead argues, without support, that express notice was still needed because RMC and HFL are separate entities. Yet accepting such an argument would defeat the point of this entire identity-of-interest analysis. This factor supports the Commission.

**Third**, RMC and HFL's absence from the Commission's proceedings did not result in actual prejudice to their interests. As the Court noted in its analysis of the *Eggleston* test, it is clear that RMC and HFL had notice of the Commission's proceedings due to the overlap in leadership and business addresses. EMH's argument about the lack of notice regarding the potential scope of enforcement is unpersuasive. Notice was given to all three entities when it was provided to Ensslin. This factor greatly supports the Commission.

**Fourth**, it does not appear that RMC or HFL represented to Long that her relationship was to be through EMH. EMH only points to Long's W-2 and payroll forms

6

identifying "Ephraim McDowell Regional Medical Center" as her employer in support of its argument. Yet that demonstrates the tension at play in this matter. When examining the documents, Long's W-2 identifies her employer as RMC, but her paystub was seemingly sent by EMH. (DEs 17-22, 17-23.) If, as EMH claims, it was clear that RMC was Long's employer, it would follow that her paystub would be sent by RMC as well. This ambiguity causes the Court to view this factor as neutral to the analysis.

The balance of the *Glus* factors support the application of the identity-of-interest exception. *See Supreme Staffing LLC*, 2023 U.S. Dist. LEXIS 139315, at *17 ("Two factors, however, likely support an identity of interest."). Because the Commission has shown that the *Eggleston* and *Glus* tests are satisfied and the identity-of-interest exception should apply, the Court will grant its motion to amend its complaint to include RMC and HFL as defendants.

## III.

Also pending before this Court is EMH's Motion for Stay of Proceedings. (DE 20.) Essentially, EMH argues that because the Commission allegedly failed to satisfy statutory prerequisites to filing a Title VII action, the more appropriate remedy is for the Court to enter a stay pending completion of those prerequisites. (DE 19 at 21.) EMH focuses on the Commission's alleged abandonment of its role as a neutral investigator. It also argues that the Commission failed to give notice that it intended to widen the scope of its enforcement proceedings, but that argument was addressed above.

"[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984). The purpose of the Commission's investigation of a

discrimination charge is "to determine if there is a basis for that charge," and to notify the employer of its findings with an eye toward "later conciliation proceedings" or, if it comes to it, litigation. *Id.* Yet the United States Supreme Court has permitted federal courts to review the Commission's administrative actions—albeit narrow in scope, to "reflect[] the abundant discretion the law gives the EEOC to decide the kind and extent of discussions appropriate in a given case." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 494 (2015). Thus, it is within the Court's authority to review statutory mandates.

It falls to the Court to decide whether Douglas Krieger, who investigated Long's discrimination charges, violated federal regulation mandating that the Commission "develop an impartial and appropriate factual record upon which to make findings on the claims raised by the written complaint." 29 C.F.R. § 1614.108(b). Upon review of the evidence brought forth by EMH, the Court finds that Krieger—and through him, the Commission—did not abandon its duty to conduct a neutral investigation.

Much of EMH's argument focuses on the semantics of Krieger's correspondence with Long during the 740-day investigation. Specifically, EMH points to instances where Krieger used "we" and "they" in their correspondence to support its assertion of bias. (DE 19-3 ("I just need to . . . make sure I understand what we are alleging prior to setting up interviews or requesting information . . . ."; "I will probably reach out to you later today to go through the position statement so I can help you with your rebuttal[.]"; "I have not but the ball is really in our court. I think the next thing to do would be an onsite but again I need to go through this with [] you with a fine tooth comb to [know] who will tell me what and what evidence we have to disprove what they are saying.").) EMH

8

further points to Krieger using Long's suggestions for interview questions in preparing and conducting interviews as evidence of bias.

Yet the Court is unconvinced that the statements and actions cited by EMH somehow contradict the duties imposed on an EEOC investigator. It is recommended for an investigate to recontact the charging party after reviewing the case file to "help clarify the allegations, explore possible respondent defenses, or determine whether s/he has additional information which was not available during intake." EEOC Compliance Manual § 23.3. "It is always appropriate to recontact the complaining party later in the investigation as needed to resolve conflicts between the information contained in the charge/complaint and evidence obtained from other sources." *Id.* The investigator is an objective fact finder who can be "particularly diligent in searching out" evidence tending to support the charging party's case because the charging party "may not know of the existence or understand the importance of certain facts which could" support their case. *Id.* § 602.3. Nothing suggests that Krieger went beyond these duties here.

It is clear that Krieger remained in contact with both Long in order to effectively investigate her claims and discover relevant evidence. He properly relied on Long's firsthand knowledge of EMH in preparing to conduct interviews during his investigation. What EMH would have the Court construe as bias appears more as diligence on Krieger's part, aiming to clarify Long's allegations and explore EMH's potential defenses. At worst, Krieger was cordial in his correspondence with Long. Yet the Court would not conflate such demeanor with stepping into the role of an advocate for the charging party. The record shows that Krieger maintained his role as a neutral investigator while still discharging the other responsibilities detailed in the EEOC Compliance Manual.

9

Accordingly, the Court finds that the Commission did not fail to satisfy its statutory prerequisites and will deny EMH's Motion for Stay of Proceedings.

### IV.

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) the Commissioner's Motion for Leave to Amend Complaint (DE 17) is GRANTED;

2) the Clerk of the Court is DIRECTED to file the Commissioner's Amended Complaint (DE 17-1) into the record;

3) EMH's Motion for Stay of Proceedings (DE 20) is DENIED; and

4) pursuant to the Court's May 14, 2025 Order (DE 34), the parties may file a Joint Motion for Court-Conducted Settlement Conference if they so choose.

July 2, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY